IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

GREGORY GILLILAN, :
:
    Plaintiff :
:
VS. : 1 : 05-CV-172 (WLS)
:
DAWN SCARBOROUGH, :
:
    Defendant. :

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendant's Motion for Summary Judgment, converted by the court from a Motion to Dismiss on June 8, 2006. The undersigned notified the plaintiff of the filing and conversion of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

*Background*

The plaintiff filed this action in December 2005, alleging that the defendant, the Business Manager at Calhoun State Prison, violated his First Amendment rights by censoring and denying him access to the court by interfering with his outgoing legal mail. Specifically, the plaintiff maintains that on November 22, 2005, defendant Scarborough attempted to destroy his legal mailing by placing industrial staples through an envelope containing a lawsuit against another prison employee. In the presently pending motion for summary judgment, the defendant maintains that the plaintiff failed to properly exhaust this claim pursuant to the dictates of the

Prison Litigation Reform Act ("PLRA").[1]

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991). Attached to the defendant's motion are the affidavits of Sarah Draper, a Program Management Specialist for Inmate Affairs and Appeals for the Georgia Department of Corrections, and Christine Cross, the Deputy Warden of Care and Treatment for Calhoun State Prison. In her affidavit, Ms. Draper states that one of her duties is to maintain computer records of all grievances filed by the inmates housed by the Georgia Department of Corrections. Ms. Cross states that she ensures that the grievance procedure is properly applied at Calhoun State Prison and maintains the inmate Grievance Management System database, ensuring that all records and documentation

---

[1]Based on the attachment of matters outside the pleadings, the undersigned converted the motion to dismiss to a motion for summary judgment. *See* Order at # 12.

related to grievances are retained in the ordinary course of business. Both Ms. Draper and Ms. Cross testify that the plaintiff did not file either an informal or formal grievance in regard to defendant Scarborough's alleged interference with his legal mail.

The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action. The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). In response to the defendant's contention that the plaintiff never filed a grievance regarding his claims, the plaintiff alleges his previously submitted evidence shows that the defendant's affidavits were fabricated and that the prison staff violates the PLRA grievance procedure by failing to provide and pick up grievance forms. In exhibits attached to document # 10, the plaintiff provides copies of what appears to be an informal grievance filed by the plaintiff on December 20, 2005, and a receipt issued for this informal grievance issued by a prison official on December 21, 2005. The informal grievance appears to address the incident underlying this lawsuit, although the date provided in the grievance for said incident is November 11, 2005, rather than November 22, 2005, as set out in plaintiff's complaint herein.

Although it appears that portions of the plaintiff's exhibits rebut the defendant's summary judgment showing regarding whether the plaintiff filed any type of grievance to address the underlying claims, the plaintiff has failed to rebut the overall showing that he failed to fully exhaust his claims. The plaintiff appears to assert that certain prison officials at times refused to

process grievance forms properly, but he does not maintain or establish that he ever filed a formal grievance and/or pursued all avenues of available relief in order to exhaust his remedies under the PLRA. In her affidavit, Ms. Draper establishes that "[i]f the inmate feels that his [informal] grievance is not resolved, then he may choose to file a formal grievance." Draper Aff. at ¶ 4. In his exhibits, the plaintiff provides a copy of a formal grievance filed in regard to other incidents, clearly evidencing his knowledge of and ability to file a formal grievance. Furthermore, without documentation to support same, the court cannot conclude that the grievance process was fully pursued herein. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998) (prisoners filing § 1983 cases involving prison conditions must attach available administrative decisions to evidence exhaustion.).

In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA). Herein, the plaintiff has not established that he fully pursued the grievance process. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Inasmuch as the plaintiff has failed to rebut the defendant's summary judgment showing the court must conclude that the claim underlying this action remains unexhausted, therefore barring a § 1983 action based thereon. Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) ("when a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions

4

must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.").

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of January, 2007.

    /s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb